## Commonwealth v. Shiner

*Victor J. Roberts*, assistant district attorney, for Commonwealth.

*J. Stroud Weber*, for defendant.

DANNEHOWER, J., December 27, 1938.—Defendant, Walter Shiner, was indicted by the grand jury on two separate bills of indictment, one charging embezzlement, and the other fraudulent conversion. Defendant filed a rule for a bill of particulars, and thereafter the district attorney, on November 11, 1938, filed a bill of particulars, stating in substance that defendant was employed by Sara Ruttman in her business of tailoring and cleaning and pressing clothes; that. he collected garments from customers to be tailored, cleaned and pressed; that he delivered said garments after work had been performed by the said Sara Ruttman, and collected the money for said work; that from March 10, 1938 to April 1, 1938, he collected $12.30 and paid over to Sara Ruttman the

sum of $3 and no more, and converted said difference of $9.30 to his own use; that from April 10, 1938, to June 10, 1938, he collected $22.40 from customers and paid over $16.85, leaving a balance of $5.55 which he converted to his own use; that from July 15, 1938, to July 25, 1938, he collected $29 from customers, and paid over $16.20, leaving a balance of $12.80, which he likewise converted to his own use; that said money was collected from customers at the State Hospital for the Insane, but the identity of said persons from whom said amounts of money were received is unknown to the Commonwealth and Sara Ruttman, they being known only as customers.

Defendant has filed a motion to quash said indictments on the ground that the bill of particulars does not aver the names of the particular persons from whom the particular sums of money were received to enable him properly to defend.

In a prosecution for fraudulent conversion and embezzlement by an employe of moneys collected by him from customers of his employer, proof of the identity of the particular customers and the particular amounts collected from each is not an essential part of the Commonwealth's case. If the evidence produced shows beyond a reasonable doubt that defendant embezzled or converted his employer's money, from this fact alone he could be justly found guilty. If the money reached his hands and belonged to his employer, he must offer a satisfactory explanation of what became of it: Commonwealth v. Geiss, 47 Montg. 7; Commonwealth v. Baker, 39 Lanc. L. R. 110.

This case presents a common set of facts. Unfortunately, quite frequently cases of this type come before the court. Employes of dairy, bakery, grocery, produce, and tailoring businesses, who deliver goods and collect money from customers, are sometimes short in their accounts and convert moneys to their own use. Unless the employer knows the identity of each customer and the amount of

money each paid, there could be no conviction of an employe, who had been proven to have converted his employer's funds. The Commonwealth has given all the information it has and the employe, who deals directly with the customer, usually has knowledge of the customers and the amount each paid him.

We are of the opinion that the motion to quash is without merit and should be dismissed and the case listed for trial.

And now, December 27, 1938, for the foregoing reasons, the motion to quash is dismissed, overruled, and refused.